is, to the amount of the note, then Clark is wronged. Now, as at present advised, I think that all the indorsers should contribute. It is said that no consideration passed from one to the other, surely the equity will not compel Clark to bear the whole loss. Walker is insolvent, and upon that principle the case comes here. If Hedges asks equity, let him do equity. If he was an indorser as well as Clark, and no consideration passed to either, justice will certainly not compel Clark to bear whole loss. Demurrer allowed as to want of parties; and overruled as to want of equity. The Chancellor does not hold himself concluded by this opinion as to relief; only as to want of parties.

## HENRY RICE v. STOGDEN SMALL.

Court of Chancery. New Castle. April 16, 1819.

*Ridgely's Notebook II, 357.*

## SAMUEL McMAKIN'S EXECUTOR, et al., v. MICHAEL BRIGHT, JOHN DIEHL, and JAMES McGREGOR.

Court of Chancery. New Castle. April 16, 1819.

*Ridgely's Notebook II, 358.*

## EVAN RICE and ELIZABETH RICE by their Guardian, WASHINGTON RICE, v. PURNEL VEACH.

Court of Chancery. April 16, 1819.

*Ridgely's Notebook II, 360.*